36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel Joseph GERIS, Sr., Individually and as
Debtor-in-Possession, Plaintiff-Appellant,
and
Barbara R. GERIS, Plaintiff,
v.
RESOLUTION TRUST CORPORATION, Receiver for Piedmont Federal
Savings Bank; Frederick F. Potter; John
D'Errico; Ann Sheets; Michael M.
Ehrmann; Williams. Wise,
Defendants-Appellees,
and
PIEDMONT FEDERAL CORPORATION; Marvin L. Gillum; A. Pickens
Butler; Richard A. Beamer; C. Lacey Compton; Margaret P.
Adams; James W. Alvey, Jr.; Nicholas Carosi, III; Stanley
A. Owens, Jr.; Frances G. Hibbs, personal representative
for W. Franklin Hibbs, Defendants.
Samuel Joseph GERIS, Sr., Individually and as
Debtor-in-Possession, Plaintiff-Appellant,
and
Barbara R. GERIS, Plaintiff,
v.
PIEDMONT FEDERAL CORPORATION; Resolution Trust Corporation,
Receiver for Piedmont Federal Savings Bank,
Defendants-Appellees,
and
Marvin L. GILLUM; A. Pickens Butler; Richard A. Beamer;
Frederick F. Potter; C. Lacey Compton; Margaret P. Adams;
James W. Alvey, Jr.; Nicholas Carosi, III; Stanley A.
Owens, Jr.; John D'Errico; Ann Sheets; Michael M.
Ehrmann; William S. Wise; Frances G. Hibbs, personal
representative for W. Franklin Hibbs, Defendants.
 Nos. 94-1095, 94-1603.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 7, 1994.
Decided: September 28, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, Claude M. Hilton, District Judges. (CA-93-836-A)
 Samuel Joseph Geris, Sr., Appellant Pro Se.
 Beverlee Richter Peters, Stanford Beryl Adler, ADLER, ROSEN & PETERS, P.C., Virginia Beach, Virginia; P. Matthew Sutko, Resolution Trust Corporation, Washington, D.C.; Richard Mard Kremen, John Frederick Kaufman, Piper & Marbury, Baltimore, Maryland; Hunter Thompson Carter, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C.; Howard V. B. Sinclair, Arent, Fox, Kintner, Plotkin & Kahn, Vienna, Virginia, for Appellees.
 Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Samuel Geris is a Virginia-based real estate developer who financed his development efforts over the past twenty years through loans from Piedmont Federal Savings Bank ("Piedmont"), a federally-chartered savings bank. His property holdings were quite extensive prior to the financial problems which gave rise to this litigation. Due to his increasing financial difficulties, Geris filed a voluntary petition under Chapter 11 of the bankruptcy code in May 1991. In May 1992, Piedmont foreclosed on properties owned by Geris and his wife, Barbara Geris. Geris and his wife filed a multi-count complaint against Piedmont; Piedmont Federal Corporation, Piedmont's holding company based in Delaware; a number of Piedmont's directors, board members and employees; and two real estate appraisers involved with the properties at issue.[1] The Amended Complaint, after certain claims were voluntarily dismissed, alleged conspiracy in violation of Va.Code Ann. Secs. 499, 500 (Michie 1988); tortious breach of implied covenant of good faith and fair dealing; tortious interference with prospective business and contractual relationships; breach of contract; intentional infliction of emotional distress; breach of duty of confidentiality; breach of fiduciary duty; and sought the release of deeds of trust held by Piedmont on certain properties. The district court ultimately dismissed all claims for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Geris noted a timely appeal (No. 94-1095).
 
 
 2
 While the action was pending in district court, Geris filed, in Virginia state court, notices of lis pendens on the foreclosed properties. Soon thereafter, and while the action was still pending, the Office of Thrift Supervision took possession of Piedmont and appointed the Resolution Trust Corporation (RTC) as Receiver. In March of 1993, the RTC filed a motion to quash the notices of lis pendens on the basis that their existence was negatively affecting the RTC's ability to sell the subject property. On April 14, 1994, the district court entered an order directing Geris to either remove the notices of lis pendens from the subject properties within ten days, or to post a supersedeas bond to protect the RTC's losses. Rather than comply with this order, Geris appealed. (No. 94-1603).
 
 
 3
 Our review of the record and the district court's opinions and final order in No. 94-1095 reveals that this appeal is without merit. Accordingly, we affirm substantially on the reasoning of the district court. Geris v. Resolution Trust Corp., No. CA-93-836-A (E.D. Va. Oct. 18 & Dec. 22, 1993). The district court dismissed Count IV of the Amended Complaint (conspiracy to injure one's trade or business in violation of Va.Code Ann. Secs. 18.2-499, 500 (Michie 1988)) because the allegations were vague and conclusory and, alternatively, because the Defendants were entitled to the doctrine of intracorporate immunity. We agree with the district court's first conclusion regarding this claim; however, it is unclear whether Virginia law would extend the intracorporate immunity to non-employee agents of the corporation (Defendants Ehrmann and Wise). Therefore, we decline to adopt the district court's alternative reasoning. In addition, to the extent that Geris's claims against the RTC were based upon a course of dealing with Piedmont, we find them to be foreclosed by the D'Oench doctrine, codified at 12 U.S.C.A. Sec. 1823(e) (West 1989).[2] The D'Oench doctrine, and Sec. 1823(e), prohibit claims based upon agreements which are not properly reflected in the official books or records of a failed financial institution. UnderSec. 1823(e), any agreement which tends to diminish or defeat the right, title or interest of the RTC, as receiver of any insured depository institution, must be (1)in writing; (2) executed by the parties contemporaneously with the acquisition of the asset by the institution; (3) approved by the institution's board of directors (as reflected in the minutes of its meeting); and (4) continuously an official record of the institution.[3] Moreover, Sec. 1821(d)(9) provides that any agreement that does not satisfy the requirements in Sec. 1823(e) cannot be the basis of a claim against a receiver of a failed financial institution. See Resolution Trust Corp. v. Allen, 16 F.3d 568, 574 (4th Cir.1994) (holding that allegations of negligence and breach of fiduciary duty based on unrecorded agreements are precluded under D'Oench doctrine and Sec. 1823(e)).
 
 
 4
 In No. 94-1603, Geris appeals from the district court's order requiring him to either post a supersedeas bond or remove the notices of lis pendens. In light of our disposition in No. 94-1095, we affirm the district court's order in No. 94-1603 as well.
 
 
 5
 The RTC has also filed two motions in this Court: (1) to compel Geris to post a supersedeas bond; and (2) to expedite consideration of the prior motion. These motions are now moot and are dismissed accordingly. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Barbara Geris was not named as an Appellant, however
 
 
 [2]
 D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 460 (1942)
 
 
 [3]
 Although Sec. 1823(e) refers to the FDIC, the statute has uniformly been applied to the RTC as receiver, as well. See Resolution Trust Corp. v. Maplewood Invs., --- F.3d ----, No. 93-1301 (4th Cir. July 28, 1994)